**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

TYASIA PRICE,

     Plaintiff,

v.

DEAUNTRE L. SHIELDS, EVELYN
LOPEZ, and MARCUS T. WILLIAMS,

     Defendants.

Case No. 25 CV 9836

JURY DEMAND

## PLAINTIFF'S MOTION TO COMPEL DEAUNTRE SHIELDS

Plaintiff, by counsel, moves this Honorable Court to compel Deauntre Shields to provide complete, substantive and verified answers to interrogatories and to answer each category or item of Plaintiff's document production requests, and, in support states:

## DOCUMENT REQUESTS

1) Plaintiff issued document requests to Mr. Shields pursuant to Fed. R. Civ. P. 34 on 11/21/25. Exhibit A.

2) Mr. Shields has not produced a single document and has not responded in writing to any of the requests.

3) Notably, Mr. Shields has failed or refused to produce any of his bank statements, phone records, text messages and communications with his co-conspirators.

4) Plaintiff is entitled to a response to each category or item requested. Fed. R. Civ. P 34(b)(2)(B).

5) If no such record exists, Plaintiff is entitled to a certification to that effect and explanation why the category or item no longer exists.

**INTERROGATORIES**

6) Mr. Shields answers to interrogatories are deficient under Fed. R. Civ P. 33 because they fail to provide complete, substantive and verified answers to Plaintiff's interrogatories. Exhibit B.

7) Moreover, the format of Mr. Shields' answers is partially illegible.

8) Also, Mr. Shields has not verified his answers under oath as required by Fed. R. Civ P. 33(b)(3).

**DEPOSITIONS**

9) Plaintiff is unable to proceed with depositions without complete, substantive, verified answers to interrogatories and a complete response to the document requests.

**MEET AND CONFER EFFORTS**

10) Efforts were made to meet and confer with Mr. Shields on 7/6/26, 7/18/26, 7/23/26, 7/24/26. Exhibit C.

11) On 8/3/26, Plaintiff's counsel and Mr. Shield spoke via telephone but were unable to reach any agreements regarding the outstanding deficiencies described in this motion. Exhibit C.

12) Plaintiff's counsel does not believe that further efforts to confer will materially advance discovery without court intervention.

WHEREFORE, Plaintiff respectfully prays for an order:

1. Compelling Mr. Shields to provide complete, substantive and verified answers to interrogatories by a date certain;

2. Compelling Mr. Shields to answer each category or item in Plaintiff's document request

by a date certain;

3. Compelling Mr. Shields to appear for his deposition by a date certain.

Dated: August 4, 2026

Respectfully submitted:

*/s/ Grant Blumenthal*
Grant Blumenthal
Blumenthal Law Group PC
77 West Wacker Drive
Suite 4500
Chicago, Illinois 60601
(312) 981-5055
gblumenthal@blumenthal-law.com

*Attorneys for Plaintiff, Tyasia Price*

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 4th day of August, 2026, I electronically filed the foregoing Plaintiff's Motion to Compel with the U.S. District Court. Notice will automatically be electronically mailed to all individuals who are registered with the U.S. District Court CM/ECF System.  I further certify that I caused a copy of the Motion to be delivered via email to the following persons via email on the 4th day of August, 2026:  shieldsdeauntre@gmail.com; evileve978@gmail.com.

*s/ Grant Blumenthal*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| TYASIA PRICE, | |
| Plaintiff, | Case No. 25 CV 9836 |
| v. | JURY DEMAND |
| DEAUNTRE L. SHIELDS, EVELYN LOPEZ, and MARCUS T. WILLIAMS, | |
| Defendants. | |

**PLAINTIFF'S FIRST SET OF REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS**

Plaintiff TYASIA PRICE ("Price") through her attorneys, Blumenthal Law Group PC, submits this First Request for Production of Documents to each of the Defendants, DEAUNTRE L. SHIELDS ("Shields"), EVELYN LOPEZ ("Lopez"), and MARCUS T. WILLIAMS ("Williams"), individually and separately, pursuant to Rule 34, Fed. R. Civ. P., to be answered fully within 30 days as follows:

**DEFINITIONS**

As used herein, the following terms shall be defined as follows:

1.      "You" or "Your" shall refer to the individual Defendant answering this request.

2.      "Complaint" means the Complaint and any amendment thereof in the above-referenced case.

3.      "Relate" or "relating" shall mean and include contain or containing, concern or concerning, constitute or constituting, described or describing, discuss or discussing, refer or referring, state or stating, assess or assessing, record or recording, mention or mentioning, describe or describing, pertain or pertaining to, reflect or reflecting and being connected with.

4.      "Communication" or "conversation" shall mean any transmission or exchange of information between two or more persons, orally, or in writing, and includes, without limitation, any conversation or discussion, whether face to face or by means of any telephone, telegraph, telecopies, electronic or other media.

5.      "Document" shall include, but is not limited to, any written, recorded, graphic, computerized or sound reproduction, however produced, reproduced or prepared including, but not limited to, all correspondence, memoranda, reports, telegrams, notes, notices, notebooks, newspaper articles, accounting records, financial records, financial reports and other analysis work, and any corporate minutes and diaries including desk calendars, notes, agreements, contracts, licenses, leases, permits, statements, photography, slides, canceled checks and receipts for same.  The term "document" shall further include all rough drafts, retained copies and originals whether in tangible or data form and any marginal recordings of conversations and the like.

If a document has been prepared in several copies, or additional copies have been made and the copies are not identical, (or by reason of subsequent modifications of the copy by additional material or notations, or other modifications, are no longer identical) each non-identical copy is a separate "document."  The term document also includes all attachments, enclosure of documents affixed or referred to in any documents identified in response to any of the following requests.

6.      The term "person" or "individual" includes the plural and singular and includes without limitation any natural person, alive or deceased, any corporation, partnership, sole proprietorship, joint venture, firm, business, unincorporated association, trust, foundation, organization, or other entity, and any government or governmental or non-governmental body, commission, department, committee, board, or agency.

7.      The terms "all" and "each" and "every" shall be construed as all and each.

8.      The connectives "and" and "or" shall be construed either disjunctively or

conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.      The term "including" means including but not limited to.

10.      The use of the singular form of any word includes the plural and vice versa.  The use of the feminine shall include the masculine and vice versa.

## INSTRUCTIONS

1.      You are requested to answer these requests individually and separately.

2.      You are requested to produce all documents responsive to the following requests that are in your possession, custody, or control or in the possession or control of your attorney, agent, employees, or representatives whether or not mechanically reproduced or in original form.

3.      The following requests shall be deemed continuing to the fullest extent set forth under Rules 26 and 34 of the Federal Rules of Civil Procedure.  You are requested to provide, by way of supplemental answers hereto, such additional information as you, or any other person acting on your behalf, may hereafter obtain, which will augment or otherwise modify the answers now given to the requests below.  Such supplementary responses are to be served upon counsel for Plaintiff Tonia Tate within thirty (30) days after receipt of such information.

4.      If any document requested was at any time in your possession, custody, or control, but is no longer, state whether such document is missing, lost, destroyed, or has been transferred, voluntarily or involuntarily, to any other person, or otherwise disposed of, and the circumstances surrounding it, and authorization given, if any, for such disposition, the approximate date of such disposition, and the identity of person or persons to whom such document was transferred.  In addition, if any such document has been lost or destroyed, for each such document state the circumstances of the loss or destruction, the date upon which the loss or destruction occurred and, if the document was destroyed, identify the person who destroyed it and the reason(s) for its

destruction.

5. The timeframe applicable to each of the requests are those dates depicted in the complaint from June 2022 through current, unless otherwise expanded in the request.

## PRIVILEGE

Should you claim any responsive information, communication or document to be privileged or otherwise excludable from production or disclosure, please provide all information required under Rule 26(b)(5) of the Federal Rules of Civil Procedure, including the following:

a. the name of the author of the documents;

b. the name of the sender, if any, of the documents;

c. the name of the person, if any, to whom copies were sent;

d. the date of the document;

e. the date on which the document was received by those having possession of the document;

f. a brief description of the nature and the subject matter of the document;

g. the nature of the privilege claimed and the statute, rule or decision which is claimed to give rise to the privilege;

h. the last known custodian of the document and the present location of the document;

i. the attachments to the document;

j. the number of pages comprising the document; and

k. whether the document is handwritten, typewritten or otherwise prepared.

**REQUESTS**

**Request No. 1:** Any and all documents that depict communications between any, or all, of the parties relating to Shields' arrest and legal expenses.

**Request No. 2:** Any and all documents that depict communications between any, or all, of the parties relating to monies requested from Price.

**Request No. 3:** Any and all documents that depict communications between any, or all, of the parties relating to payments received from Price.

**Request No. 4:** Any and all documents that depict communications between any, or all, of the parties relating to repayment to Price.

**Request No. 5:** Any and all documents that depict communications between any, or all, of the parties relating to the letter from Blumenthal Law Group PC dated March 27, 2025.

**Request No. 6:** Any and all documents that depict communications between any, or all, of the parties relating to this lawsuit.

**Request No. 7:** Any and all documents that depict communications between Daniel Austin and any, or all, of the parties (other than communications privileged from disclosure).

**Request No. 8:** Any and all bank statements depicting payments received from Price.

**Request No. 9:** Any and all bank statements depicting payments made to Price.

**Request No. 10:** Any and all bank statements depicting payments between Williams and Shields.

**Request No. 11:** Any and all bank statements depicting payments between Williams and Lopez.

**Request No. 12:** Any and all bank statements depicting payments between Shields and Lopez.

**Request No. 13:** Any and all bank statements depicting Williams' use of the monies received from Price.

**Request No. 14:** Any and all documents proving that communications with Price were sent by someone pretending to be Williams.

**Request No. 15:** Any and all documents proving that communications with Price were sent by someone pretending to be Shields.

**Request No. 16:** Any and all documents proving that communications with Price were sent by someone pretending to be Lopez.

**Request No. 17:** Any and all documents proving that accounts used by Williams to communicate were compromised.

**Request No. 18:** Any and all documents proving that accounts used by Shields to communicate were compromised.

**Request No. 19:** Any and all documents proving that accounts used by Lopez to communicate were compromised.

**Request No. 20:** Any and all documents proving that accounts used by Williams to communicate were controlled by someone else.

**Request No. 21:** Any and all documents proving that accounts used by Shields to communicate were controlled by someone else.

**Request No. 22:** Any and all documents proving that accounts used by Lopez to communicate were controlled by someone else.

**Request No. 23:**  Reports made to law enforcement alleging that accounts used to communicate were compromised and/or controlled by someone else.

**Request No. 24:**  Reports made to an insurance company alleging that accounts used to communicate were compromised and/or controlled by someone else.

**Request No. 25:**  Any and all documents that you intend to use, mark and/or introduce into evidence during any deposition, hearing, arbitration, pre-trial and/or trial.

**Request No. 26:**  Any and all documents that depict the arrest of Shields, including but not limited to an arrest for DUI.

**Request No. 27:**  Any and all documents that depict criminal proceedings against Shields.

**Request No. 28:**  Any and all documents that depict legal fees and expenses incurred by Shields in relation to an arrest and/or criminal proceedings.

**Request No. 29:**  A copy of Your state and federal income tax returns, including all attachments, schedules and appendices.

**Request No. 30:**  A copy of Your past three state and federal income tax returns, including all attachments, schedules and appendices.

**Request No. 31:**  Any and all statements for the past 12 months from the following: (i) investment accounts, (ii) credit card statements, (iii) retirement accounts, (iv) savings accounts; (v) mortgage accounts, and (vi) loan accounts.

**Request No. 32:**  Any and all documents depicting your assets, liabilities, income and expenses for the past 2 years.

**Request No. 33:**  Any and all insurance policies, including but not limited to homeowners, renters, automobile, business, life, umbrella, professional, general liability and  workers' compensation.

**Request No. 34:**  Any and all documents that identify your employer from 2022 to the present.

**Request No. 35:**  Any and all documents accusing you of fraud (besides this lawsuit).

**Request No. 36:**  Any and all documents identifying lawsuits filed against you.

**Request No. 37:**  Your telephone records from January 1, 2024 to June 30, 2024.

**Request No. 38:**  Copies of subpoenas issued in this matter.

**Request No. 39:**  Copies of all documents received in response to a subpoena in this cause.

**Request No. 40:**  Any and all documents that reflect any previous claims of non-payment or fraud made by you in any setting within the last ten years.

**Request No. 41:**  Any and all documents that reflect any previous claims of non-payment or fraud made against you in any setting within the last ten years.

**Request No. 42**  Any and all documents that depict wages earned by you and deposited into any account in the last 2 years.

**Request No. 43:**  Any and all documents that depict income earned by you and deposited into any account in the last 2 years.

**Request No. 44:**  Any and all documents that reflect a prior conviction of you for a crime involving dishonesty or untruthfulness in the last ten years.

**Request No. 45:**  Any and all documents that reflect another person accusing you of dishonesty or untruthfulness in the last ten years.

**Request No. 46:**  All documents that you will seek to introduce into evidence in the trial of this case, and/or all documents she will use in support of any motion or other pleading in connection with this case.

**Request No. 47:**  Each and every document submitted for review or utilization by any expert

retained, to be retained, consulted or to be consulted by Defendant.

**Request No. 48:**  All written reports of any expert retained by Defendant to testify in the trial of this matter.

**Request No. 49:**  The curriculum vitae of any expert retained by Defendant to testify in the trial of this matter.

**Request No. 50:**  All notes, recordings, records, exhibits, memorandums and/or reports and other documents generated during, from or as a result of the alleged events between January 20, 2024 and current other than attorney work product.

**Request No. 51:**  To the extent not otherwise called for by these Requests, all documents relating to the charges, allegations or claims set forth in the pleadings, including subsequent amendments of the pleadings.

**Request No. 52:**  Any and all documents that support your defenses, affirmative defenses and counterclaims in this matter.

Respectfully submitted:

*/s/ Grant Blumenthal*
Grant Blumenthal
Blumenthal Law Group PC
77 West Wacker Drive
Suite 4500
Chicago, Illinois 60601
(312) 981-5055
gblumenthal@blumenthal-law.com

*Attorneys for Plaintiff, Tyasia Price*

9

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of November, 2025, I caused the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS to be mailed via first class US mail with postage prepaid to each of the following recipients:

    Evelyn Lopez
    2752 N. Sawyer Avenue
    Apt 3
    Chicago Illinois 60647

    Deauntre Shields
    1849 S. Springfield Avenue Fl 1
    Chicago Illinois 60623

                                        *s/ Grant Blumenthal*

I hereby certify that on this 17th day of November, 2025, I caused the foregoing PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS to be delivered via email to each of the following recipients:

Daniel G Austin - austinlawgroup@outlook.com
David Cutler  - dcutler@cutlerhull.com

                                        *s/ Grant Blumenthal*

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TYASIA PRICE,

    Plaintiff,

v.

DEAUNTRE L. SHIELDS, EVELYN
LOPEZ, and MARCUS T. WILLIAMS,

    Defendants.

Case No. 25 CV 9836

JURY DEMAND

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS DEAUNTRE L.
SHIELDS, EVELYN LOPEZ, AND MARCUS T. WILLIAMS**

Plaintiff Tyasia Price ("Plaintiff"), by and through her attorneys, Blumenthal Law Group

PC, submits the following First Set of Interrogatories pursuant to Rule 33 of the Federal Rules of

Civil Procedure to Defendants Deauntre L. Shields, Evelyn Lopez, and Marcus T. Williams.

Each Defendant shall answer separately and fully under oath.

**DEFINITIONS AND INSTRUCTIONS**

The definitions contained in Plaintiff's First Request for Production of Documents are

incorporated herein. These Interrogatories are continuing pursuant to the Federal Rules of Civil

Procedure and require supplementation as additional information becomes known.

**INTERROGATORIES**

Interrogatory No. 1: Identify each person answering or assisting in answering these

Interrogatories.

Interrogatory No. 2: Identify every person with knowledge of the facts alleged in the

Plaintiff's Amended Complaint and describe the knowledge possessed by each person.

1

Interrogatory No. 3: State all facts supporting your denial of any allegation contained in Plaintiff's Amended Complaint.

Interrogatory No. 4: State all facts supporting each affirmative defense or defense you contend applies to Plaintiff's claims.

Interrogatory No. 5: Identify every communication between you and Plaintiff from June 2022 to present, including the date, participants, method of communication, and substance.

Interrogatory No. 6: Identify every communication between any Defendant  Plaintiff, money received from Plaintiff, repayment to Plaintiff, Shields' alleged arrest, DUI, attorney fees, or legal expenses.

Interrogatory No. 7: State whether Shields was arrested for DUI as alleged in the communications with Plaintiff. Identify the date, location, charges, court, case number, attorney, bond amount, and disposition.

Interrogatory No. 8: Identify every legal expense, attorney fee, bond payment, fine, cost, or expense allegedly incurred by Shields that was referenced in communications requesting money from Plaintiff.

Interrogatory No. 9: Identify each statement made by you or another Defendant requesting money from Plaintiff and state whether you contend the statement was true.

Interrogatory No. 10: Identify each promise or representation made to Plaintiff that she would be repaid.

Interrogatory No. 11: Identify all money, payments, transfers, or benefits received directly or indirectly from Plaintiff.

Interrogatory No. 12: State the disposition and use of every dollar received from Plaintiff, including all transfers to any other person.

Interrogatory No. 13: Identify all bank accounts, electronic payment accounts, Zelle accounts, Cash App accounts, Venmo accounts, or other financial accounts used to receive, transfer, or hold money received from Plaintiff.



Interrogatory No. 14: State whether you contend any communication with Plaintiff was sent by a person pretending to be you and identify all facts supporting that contention.



Interrogatory No. 15: State whether you contend any telephone, email, social media, financial, or messaging account was hacked, compromised, accessed, or controlled by another person and identify that person and all supporting facts.



Interrogatory No. 16: Identify all reports made to law enforcement, financial institutions, insurance companies, or third parties concerning any alleged unauthorized account access.



Interrogatory No. 17: Identify all facts supporting any contention that money received from Plaintiff was a gift rather than a loan.



Interrogatory No. 18: Identify all facts responsible for repayment of the $129,404.98 alleged in the Amended Complaint.

Interrogatory No. 19: Describe your relationship with each co-Defendant from June 2022 to present.



Interrogatory No. 20: Identify all agreements, understandings, or discussions between Defendants regarding requesting money from Plaintiff.

Interrogatory No. 21: Identify every witness you intend to call at trial and summarize the expected testimony.



Interrogatory No. 22: Identify every document you intend to use to support your claims, defenses, or testimony.

Interrogatory No. 23: Identify all expert witnesses you expect to disclose and summarize their opinions.

Interrogatory No. 24: State the factual basis for any contention that Plaintiff's reliance on Defendants' statements was unreasonable.

Interrogatory No. 25: Identify all facts and evidence supporting your denial of Plaintiff's allegations of fraud, conspiracy, unjust enrichment, breach of contract, and promissory estoppel.

Respectfully submitted:

*/s/ Grant Blumenthal*
Grant Blumenthal
Blumenthal Law Group PC
77 West Wacker Drive
Suite 4500
Chicago, Illinois 60601
(312) 981-5055
gblumenthal@blumenthal-law.com

*Attorneys for Plaintiff, Tyasia Price*



4

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 18th day of June, 2026, I served the PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS DEAUNTRE L. SHIELDS, EVELYN LOPEZ, AND MARCUS T. WILLIAMS to the following persons via US Mail:

Marcus T. Williams
1510 Clearwater Drive
Wheeling, Illinois
marco_12love@icloud.com

Deauntre Shields
1849 S. Springfield Avenue, Floor 1
Chicago, Illinois 60623
shieldsdeauntre@gmail.com

Evelyn Lopez
2752 N. Sawyer, Apt 35
Chicago Illinois 60647
evileve978@gmail.com


/s/ *Grant Blumenthal*
Grant Blumenthal





5

# EXHIBIT C





## Price vs Williams , Shields and Lopez, 25 CV 9836 - Request for discovery c...

**Grant Blumenthal**
To  'Duke'; 'Eve lopez'

7/18/2026

Mr. Shields and Ms. Lopez,

Your answers to written discovery are past due.  I would like to discuss this situation with you over the telephone.  Please let me know your availability today, tomorrow or Monday morning for a telephone call.

**Grant Blumenthal**
*Attorney*

Blumenthal Law Group PC
77 West Wacker Drive
Suite 4500
Chicago, Illinois 60601
**Phone** (312) 981-5055

If you are not an intended recipient of confidential and privileged information in this email, please notify the sender immediately and destroy the email.

## RE: FW: Price vs Williams , Shields and Lopez, 25 CV 9836 - WRITTEN AND ...

 **Grant Blumenthal**
To 'Deauntre Shields'



7/23/2026

Mr. Shields,

I have still not received your answers to written discovery, your appearance or your answer. I have requested a telephone conference with you to address your failure to comply. Please let me know what time I can call you tomorrow to discuss the matter. Unfortunately, if I don't hear from you today, I will have no choice but to file a motion for sanctions. I would like to avoid having to take such action.

**Grant Blumenthal**
*Attorney*

Blumenthal Law Group PC
77 West Wacker Drive
Suite 4500
Chicago, Illinois 60601
**Phone** (312) 981-5055

If you are not an intended recipient of confidential and privileged information in this
email, please notify the sender immediately and destroy the email.

Re: Price vs Williams , Shields and Lopez, 25 CV 9836 - WRITTEN A...

 **Grant Blumenthal**
To  Deauntre Shields
Cc  Eve lopez

7/24/2026

(i) If there are problems with how this message is displayed, click here to view it in a web browser.

Please deliver your answers to me signed under oath by Monday.

If you would like your mother dismissed from the case, please let me know.

**Grant Blumenthal**
Attorney

Blumenthal Law Group PC
77 West Wacker Drive
Suite 4500
Chicago, Illinois 60601



## Price vs Shields

☺ Summarize

**GB**  **Grant Blumenthal**
To  Deauntre Shields

↩ Reply    ↩ Reply All    → Forward

Mon 8/3/2026 10:56 AM

📄 PDF  26.6.18 Shields answers to interrogatories.pdf  ⌄
210 KB

Mr. Shields,

This email confirms our discussion today.

1. We have not received your appearance or answer
2. Your interrogatory answers do not comply with rule 33 because you do not set out each answer separately in writing. Nor are the answers signed. The document you sent me contains digital images that cover up the text. See attached. Please send the documents to me as an ATTACHMENT not as a link.
3. I have not received your answers to rule 34 document requests

I cannot proceed with your deposition until you comply with these requests.