**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TYASIA PRICE,<br><br>Plaintiff,<br><br>v.<br><br>DEAUNTRE L. SHIELDS, EVELYN LOPEZ, and MARCUS T. WILLIAMS,<br><br>Defendants. | Case No. 25 CV 9836<br><br>JURY DEMAND |

**JUDGMENT ORDER AGAINST DEFENDANT DEAUNTRE L. SHIELDS**

This matter is before the Court on Plaintiff Tyasia Price's request for a prove-up and entry of judgment against Defendant Deauntre L. Shields. The Court has considered the Amended Complaint, the Declaration of Tyasia Price, the Declaration of Grant Blumenthal authenticating the post-suit exchange, the exhibits cited in those declarations, and the record. The Court finds as follows:

1. The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 and personal jurisdiction over Shields. Venue is proper in this District.

2. Shields was served with process and failed to plead or otherwise defend. Default was entered against him. The well-pleaded allegations concerning liability are therefore admitted, and the declarations and exhibits independently support the findings below.

3. Between January 22 and April 4, 2024, Price made ninety-six transfers totaling $129,404.98 after being told that Shields had been arrested for DUI, was in custody, needed bond money, and required continuing payments for legal expenses.

4. Those representations were false. In interrogatory answers, Shields admitted that he had not been arrested, identified the supposed bond and legal expenses as "False," and stated that the money or benefits were used for "Vacations, car trouble, gifts just because I ask and so on." In the separately authenticated post-suit exchange, Shields likewise wrote, "Naw I wasn't in jail."

5. Shields personally participated in the requests for money. Among other things, he tracked whether payments had arrived, pressed for additional payments, requested three installments on specified dates, and represented that Price and Williams would "get it back." He did not correct the false arrest, bond, and legal-expense story while the requests continued.

6. Price reasonably relied on the false statements and repayment assurances. She performed by sending the requested funds through the payment channel the Defendants directed or accepted. No part of the $129,404.98 has been repaid by Shields.

7. The admitted allegations and evidentiary record establish Shields's liability to Price for breach of contract (Count I) and fraud (Count X). They also establish, as to Shields, a coordinated agreement and overt acts in furtherance of a scheme to defraud Price, supporting civil-conspiracy liability under Count XIII.

8. Count IV, promissory estoppel, was pleaded in the alternative. If no enforceable contract was formed, Shields's clear repayment promise, Price's foreseeable and detrimental reliance, and the need to avoid injustice establish liability on Count IV. The relief awarded below is a single recovery and is not duplicated among the alternative or overlapping theories.

9. Price sustained $129,404.98 in compensatory damages. Simple prejudgment interest at five percent per year from March 1, 2024 through August 26, 2026 is $16,095.85 and accrues thereafter at $17.7267 per day through entry of judgment.

10. Clear and convincing evidence establishes that Shields's conduct was intentional, fraudulent, and undertaken with conscious disregard for Price's rights. Punitive damages are warranted to punish that conduct and deter similar conduct. The Court determines that $ 195,589.43 is an appropriate punitive award.

**IT IS HEREBY ORDERED:**

1. Judgment is entered in favor of Plaintiff Tyasia Price and against Defendant Deauntre L. Shields on Count I (breach of contract), Count X (fraud), and Count XIII (civil conspiracy to commit fraud). Count IV (promissory estoppel) is sustained as an alternative basis for the same nonduplicative recovery. Count VII (unjust enrichment), also pleaded in the alternative, is dismissed as moot as to Shields because complete relief is awarded on the foregoing claims.

2. Price is awarded compensatory damages of $129,404.98 against Shields.

3. Price is awarded prejudgment interest of $16,095.85 through August 26, 2026, plus $17.7267 per day from August 27, 2026 through the date this Judgment is entered. As of August 26, 2026, compensatory damages and prejudgment interest total $145,500.83.

4. Price is awarded punitive damages of $ 50,000.00 against Shields.

5. Accordingly, judgment is entered against Shields in the total amount of $ 195,589.43, consisting of compensatory damages, prejudgment interest through the date of entry, and punitive damages.

6. Postjudgment interest shall accrue on the total judgment at the rate prescribed by 28 U.S.C. § 1961 from the date of entry until paid.

7. Price is awarded taxable costs against Shields pursuant to Federal Rule of Civil Procedure 54(d)(1), in an amount to be determined upon the filing of a bill of costs.

8. This Judgment adjudicates only Price's claims against Shields. Price's claims against Evelyn Lopez and Marcus T. Williams are not adjudicated by this Judgment. Any compensatory recovery later obtained from Lopez or Williams for the same $129,404.98 injury shall be subject to a single-satisfaction credit; Price may not recover the same compensatory loss more than once.

9. Pursuant to Federal Rule of Civil Procedure 54(b), the Court expressly determines that there is no just reason for delay and directs entry of final judgment against Shields. The Clerk is directed to enter judgment accordingly.

Dated this 1 day of September, 2026.

Virginia M. Kendall

Honorable Virginia M. Kendall
United States District Judge